Evelyn HUBBARD, Individually *v.*
Leone C. SHARPE

77-43                                                                     552 S.W. 2d 21

Opinion delivered June 20, 1977
(Division II)

*Haskins, Eubanks & Wilson,* by: *Hugh F. Spinks, Jr.,* and

*Gary L. Eubanks,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

CONLEY BYRD, Justice. Dr. John Hundley, an orthopedic specialist, on direct examination testified that his total bill for treating appellant Evelyn Hubbard was $2,200.50. He considered his charges to be reasonable and necessary. On cross-examination and over the objection of appellant, Dr. Hundley testified that he was a member of the Arkansas Medical Society. He admitted that his charges for the treatment of one of his patients had recently been reviewed by a committee of the Arkansas Medical Society and that he was notified that his charges were three times the maximum charged by the average orthopedist. The letter from the reviewing committee of the Arkansas Medical Society was not introduced or read into evidence.

Appellant contends that the cross-examination of Dr. Hundley was in violation of the hearsay rule and that the evidence was irrelevant. The Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rule 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The cross-examination here only elicited from Dr. Hundley that other experts in his same field had considered his charges in the past to be unreasonable. This was a fact within the knowledge of Dr. Hundley and would not be hearsay within the definition set out in Rule 801(c), *supra.* Our cases readily recognize that an expert on cross-examination may be examined to see how his opinion on the matter in issue compares with other recognized authorities for purposes of ascertaining the weight the fact finder should give to his opinion, *Scullin* v. *Vining,* 127 Ark. 124, 191 S.W. 924 (1917).

The characterization of Dr. Hundley's charges by the Arkansas Medical Society as being three times as high as that charged by the average orthopedist was certainly relevant within the definition of Ark. Stat. Ann. § 28-1001, Rule 401, to the credibility of Dr. Hundley's assertion that his total bill of $2,200.50 for the treatment of appellant was reasonable.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.